IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUNTRICE M., | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-1162-BK |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     DEFENDANT. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Muntrice M. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). The parties have consented to the exercise of jurisdiction by the undersigned magistrate judge for all proceedings. *See* Special Order No. 3-350 (N.D. Tex. Sep. 11, 2023). For the reasons explained below, the Commissioner's decision is **REVERSED**, and this case is **REMANDED** for further proceedings.

I. **BACKGROUND**

   A. *Procedural and Factual Background*

Plaintiff, proceeding *in forma pauperis*, seeks judicial review of the Commissioner's final decision denying her applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act ("the Act"), and for Supplemental Security Income (SSI) under Title XVI of the Act. Plaintiff filed her applications in May 2022 and August 2023, respectively, alleging disability beginning in April 2022 due to bipolar disorder, schizophrenia, depression, and

anxiety.  Doc. 11-1 at 203, 221, 257.[1]  The Commissioner denied Plaintiff's application at all administrative levels, and she now appeals to this Court pursuant to 42 U.S.C. § 405(g).  *See* Doc. 11-1 at 5-10; Doc. 11-1 at 15; Doc. 11-1 at 74; Doc. 11-1 at 83.

Plaintiff has a high school education.  Doc. 11-1 at 258.  She was born in 1990 and was thirty-two years old on the alleged onset date.  Doc. 11-1 at 30.  She has past relevant work experience as a corrections officer and a home health aide/home attendant.  Doc. 11-1 at 30.

### B. *Prior Administrative Medical Findings by SAMCs*

In November 2022, state agency medical consultant (SAMC) Joseph Kahler, Ph.D., after reviewing the medical evidence of record, opined that Plaintiff could understand, remember, and carry out "detailed but not complex instructions"; make decisions; attend and concentrate for extended periods; accept instructions; and respond appropriately to changes in a routine work setting.  Doc. 11-1 at 80.

In September 2023, SAMC Henry Hanna, Ph.D., found that the findings at the initial level were "consistent with objective evidence and other evidence in the case record."  Doc. 11-1 at 88.  He opined that, "when the claimant's psychiatric [symptoms] are in the ascendancy, the most the claimant would be able to do is to understand, remember, and carry out detailed but not complex instructions, make decisions, concentrate for extended periods, interact with others, and respond to changes."  Doc. 11-1 at 90-91.

### C. *The ALJ's Findings*

---

[1] Citations to the record refer to the CM/ECF page numbers at the top of each page rather than page numbers at the bottom of each filing.

In March 2024, the ALJ issued an unfavorable decision, applying the customary five-step sequential analysis.  Doc. 11-1 at 18-31.  The ALJ found that Plaintiff met the insured status requirements for DIB through September 30, 2025, and had not engaged in substantial gainful activity since her alleged onset date.  Doc. 11-1 at 21.  She found that Plaintiff suffers from the severe impairments of schizoaffective disorder (bipolar type), unspecified psychotic disorder, and bipolar disorder (depressed with psychotic features), but did not have an impairment or combination of impairments that met or medically equaled a listing for presumptive disability under the Code of Federal Regulations.  Doc. 11-1 at 21-22.

The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> The claimant can understand, remember, and carry out simple instructions. She can sustain attention and concentration for simple tasks requiring little independent judgment and minimal variations and perform in a work environment free of fast-paced production requirements. The claimant can occasionally interact with supervisors and coworkers with no work-related interaction with the public.

Doc. 11-1 at 24.

In her RFC discussion, the ALJ found

> the state agency opinions partially persuasive, but in light of the evidence as summarized, **finds the claimant more functionally limited to simple (rather than detailed) tasks** requiring little independent judgment and minimal variations and performed in a work environment free of fast-paced production requirements. The claimant can occasionally interact with supervisors and coworkers with no work-related interaction with the public, as outlined in [the RFC assessment]. Although more restrictive than the limitations imposed by the state agency doctors, these functional limitations still do not rise to a disabling level of severity.

Doc. 11-1 at 29 (emphasis added).

Based on information provided by a vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform any of her past relevant work. Doc. 11-1 at 30. And considering the VE's responses to hypothetical questions, the ALJ found that other jobs existed in significant numbers in the national economy that Plaintiff can perform, including merchandise marker, router, and dowel inspector. Doc. 11-1 at 30-31. Consequently, the ALJ determined that Plaintiff was not disabled under the Act. Doc. 11-1 at 31.

## II. LEGAL STANDARD

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses the following sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing her past work, a finding of "not disabled" must be made; and (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the

Commissioner determines at any point during the first four steps that the claimant is or is not disabled. *Id.* If the claimant satisfies her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Grid Rules, vocational expert testimony, or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. Under this standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

### III. ANALYSIS

Plaintiff challenges the Commissioner's decision on two overlapping grounds. First, she argues that the ALJ erred because she failed to adequately explain the supportability and consistency factors of the Prior Administrative Medical Findings (PAMFs) in accordance with 20 C.F.R. § 404.1520c. Doc. 14 at 8-12. Second, Plaintiff asserts that the ALJ's initial error led to a "conflict" at step five between her finding that other jobs existed in significant numbers in the national economy that Plaintiff can perform—which was based on testimony of the VE—and the Dictionary of Occupation Titles (DOT). Doc. 14 at 8, 12-14. Plaintiff contends that because

the ALJ did not resolve this conflict, her decision is internally inconsistent and not supported by substantial evidence. Doc. 14 at 8, 12-14.

Upon review, the Court finds that remand is warranted on the second issue alone. Thus, it does not reach Plaintiff's first argument.

At step five of the sequential analysis, the Commissioner bears the burden of identifying available jobs in the national economy that the claimant is capable of performing in spite of existing impairments. *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The ALJ may rely upon a VE's testimony, along with other evidence, to establish the availability of jobs in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1566(e), 416.966(e). The ALJ may also consider the DOT, subject to the VE's more specific testimony regarding the effect of the claimant's limitations on her ability to perform specific work. *Carey*, 230 F.3d at 145.

If an implied or indirect conflict exists between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony as long as the record reflects an adequate basis for doing so. *Id.* at 146. But if the conflict between the VE's testimony and the DOT is direct or obvious, the ALJ has the affirmative duty to identify and obtain a reasonable explanation for the conflict and to explain how she resolved the conflict in her decision. *See* SSR 00-4P, 2000 WL 1898704. When a direct and obvious conflict is not resolved or explained by the ALJ, the VE's testimony cannot constitute substantial evidence at step five, warranting reversal and remand. *Dell v. Berryhill*, No. 18-756-JWD-EWD, 2019 WL 4666353, at *12 (M.D. La. Aug. 29, 2019) (citing *Carey*, 230 F.3d at 145-46).

Here, the administrative record reflects that the ALJ relied on the VE's testimony in determining that Plaintiff is not disabled since she has the ability to perform jobs available in significant numbers in the national economy. *See* Doc. 11-1 at 30-31 (considering the VE's testimony at this step of the sequential analysis). In doing so, the ALJ failed to acknowledge or resolve clearly apparent conflicts between the VE's testimony and the DOT, as raised by Plaintiff through cross-examination. While the Court of Appeals for the Fifth Circuit has not yet addressed this issue, Texas district courts previously have found that this kind of conflict, as explained in more detail *infra*, is "clearly apparent" and not harmless when left unresolved, justifying remand. *See, e.g.*, *Bradley V. v. Comm'r, Soc. Sec. Admin.*, No. 3:23-CV-1504-B-BK, 2024 WL 4229994, at *2 (N.D. Tex. Aug. 23, 2024) (Toliver, J.), *adopted by* No. 3:23-CV-1504-B-BK, 2024 WL 4229298 (N.D. Tex. Sept. 18, 2024) (Boyle, J.) (reversing and remanding where ALJ failed to resolve an apparent conflict between VE's testimony and DOT); *Patrick v. Kijakazi*, No. SA-22-CV-716-XR-HJB, 2023 WL 6307748, at *4 (W.D. Tex. Aug. 18, 2023), *adopted by* 2023 WL 6159819 (W.D. Tex. Sept. 21, 2023) (same).

During the administrative hearing in the instant case, the VE testified that a hypothetical person of Plaintiff's age, education, and work experience, and with the ALJ's assessed RFC, could perform work as a Merchandise Marker (DOT Code No. 209.587-034, about 165,000 jobs), Router (DOT Code No. 222.587-038, about 23,000 jobs), and Dowel Inspector (DOT Code No. 669.687-014, about 7,000 jobs). Doc. 11-1 at 68-69. Merchandise Marker and Router have a reasoning level 2 and require the ability to "carry out detailed but uninvolved written or oral instructions." DOT Code No. 209.587-034, 1991 WL 671802, DOT Code No. 222.587-038, 1991 WL 672123. Reasoning level 2 requires a claimant to, *inter alia*, "[a]pply commonsense

7

understanding to carry out detailed but uninvolved written or oral instructions." Dictionary of Occupational Titles, 1991 WL 688702, app. C-III (4th ed. 1991).  Plaintiff's RFC, however, restricted her to "simple instructions" and "simple tasks." Doc. 11-1 at 196.²

Plaintiff's attorney inquired into this apparent inconsistency on cross-examination, asking the VE if the RFC restriction to "simple instructions and simple tasks would preclude the ability to carry out detailed written and oral instructions." Doc. 11-1 at 70-71. The VE answered affirmatively, and the ALJ asked no follow-up questions to clarify this clear conflict in the VE's testimony. Doc. 11-1 at 71-73.  Consequently, with regard to the positions of Merchandise Marker and Router, the VE's testimony revealed a conflict between the VE's opinion and the DOT.

Further, because the ALJ's decision at step five relied upon the VE's testimony, Doc. 11-1 at 31, this conflict required resolution and a reasonable explanation.  See Bradley V., 2024 WL 4229994, at *2 (citing SSR 00-4P, 2000 WL 1898704)).

The Commissioner maintains that no conflict exists between the VE's testimony and the DOT because "a limitation to simple work does not rule out a reasoning level 2 job." Doc. 15 at 7.  In support of this argument, the Commissioner relies on cases finding that the ability to perform non-complex work is consistent with reasoning level two. Doc. 15 at 8 (citing cases). That reliance is misplaced, however, since in those cases, no conflict was revealed through cross-

---

² In addition, while the SAMCs opined that Plaintiff could understand, remember, and carry out "detailed but not complex instructions," consistent with occupations with a Reasoning level 2, *see* Doc. 11-1 at 80, 90, the ALJ found the SAMCs' opinions were only "partially persuasive" because based on the evidence, she found "the claimant **more functionally limited to simple (rather than detailed)" tasks**.  Doc. 11-1 at 29 (emphasis added).

examination of the VE. Further, here, the ALJ, in finding the PAMFs only "partially persuasive," assessed the claimant as "more functionally limited to simple (rather than detailed)" tasks. Doc. 11-1 at 90.

Again, in case *sub judice*, the ALJ failed to resolve the conflict revealed in the VE's testimony regarding the salient issue. See Doc. 11-1 at 70-73. To be sure, the ALJ's cursory inquiry of whether there was a conflict between the VE's testimony and the DOT was insufficient to do so. Doc. 11 at 69; see *Bradley V.*, 2024 WL 4229994, at *3; *Patrick*, 2023 WL 6307748 at *3; *Ambriz v. Kijakazi*, No. 5:20-CV-00727-RBF, 2022 WL 855987, at *9 (W.D. Tex. Mar. 23, 2022) ("That cursory procedure doesn't even identify or acknowledge the conflict at issue. It also doesn't comply with SSR 004-p, once a significant issue like this requiring further investigation is identified.") (citation omitted). Nor does the ALJ's general statement in her decision that "the VE's testimony is consistent with the information contained in the [DOT]." Doc. 11-1 at 31. See *Bradley V.*, 2024 WL 4229994, at *3 ("[T]he ALJ's general statement in his decision that the VE's testimony is consistent with the information contained in the DOT" is insufficient to resolve the conflict between the VE's testimony and the DOT); *Patrick*, 2023 WL 6307748 at *5 ("Nowhere in the ALJ's decision is there justification for relying on the VE's testimony, other than the general statement that the VE's testimony is consistent with the information in the DOT.").

Thus, because the ALJ erred in failing to resolve the conflict between the VE's testimony and the DOT, the ALJ's decision at step 5 that Plaintiff is not disabled because she can perform the jobs of Merchandise Marker (about 165,000 jobs) and Router (about 23,000 jobs) that exist in significant numbers in the national economy is not supported by substantial evidence. *See*

9

*Bradley V.*, 2024 WL 4229994, at *2 ("When a direct and obvious conflict is not resolved or explained by the ALJ, the VE's testimony cannot constitute substantial evidence at step five, warranting reversal and remand.") (citation omitted); *Ambriz,* 2022 WL 855987, at *9 (finding no substantial evidence to support ALJ's step-five decision where unresolved conflict remained); *Patrick*, 2023 WL 6307748, at *6 (same).

  The Court must nonetheless determine whether such error was prejudicial. *Graves v. Colvin*, 837 F.3d 589, 593 (5th Cir. 2016) ("The party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error.") (quoting *Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012)). An error is harmless only "when it is inconceivable that a different administrative conclusion would have been reached even if the ALJ did not err." *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021).

  In this case, the ALJ's failure to resolve the conflict in the VE's testimony and the DOT (as raised on cross-examination by counsel) resulted in clear prejudice to Plaintiff. Plaintiff was found not disabled based on the VE's testimony that she could perform other work in the national economy that existed in significant numbers, specifically, the jobs of Merchandise Marker (about 165,000 jobs), Router (about 23,000 jobs), and Dowel Inspector (about 7,000 jobs). *See* Doc. 11-1 at 68-69; *see also* Doc. 11-1 at 31 ("Based on the testimony of the vocational expert, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy.")

  Considering the absence of any explanation as to why Plaintiff can perform the identified jobs of Merchandise Marker and Router despite her limitations, leaving only the identified job of

10

Dowel Inspector, the Commissioner has not satisfied her burden to show that a significant number of jobs exist in the national economy that Plaintiff can perform. As Plaintiff correctly argues, "7,000 jobs is substantially smaller than the number of jobs which courts of this circuit have found to represent an insignificant number." Doc. 14 at 13 (citation omitted). While there is no bright line rule that applies, *see Lirley v. Barnhart,* 124 F. App'x 283-84 (5th Cir. 2005) (per curiam)[3], the weight of the relevant authority suggests that 7,000 jobs do not constitute a significant number of positions either within the state of Texas or in the national economy. *See, e.g.*, *Gretta H. v. Kijakazi*, No. 3:21-CV-03052-BT, 2022 WL 18107079, at *4 (N.D. Tex. Dec. 30, 2022) (Rutherford, J.) (concluding that 9,000 photocopy machine operator jobs, 2,900 folding machine operator jobs, and 9,000 electrical accessories assembler jobs did not constitute a significant number of jobs); *Nolte v. Saul*, No. 7:20-CV-00080-M-BP, 2021 WL 1379552, at *6 (N.D. Tex. Mar. 16, 2021) (Ray, J.) (15,000 jobs was not a significant number), *adopted by* 2021 WL 1378777 (N.D. Tex. Apr. 12, 2021) (Lynn, C.J.); *Morgan v. Colvin*, No. 3:15-CV-2589-L (BH), 2016 WL 5369495, at *10 (N.D. Tex. Sept. 6, 2016) (Ramirez, J.) (1,000 jobs in Texas and 17,000 nationally for a surveillance system monitor and 780 jobs in Texas for a school bus monitor, for a total of 18,780 jobs, was not significant), *adopted by* 2016 WL 5341305 (N.D. Tex. Sept. 23, 2016) (Lindsay, J.); *Johnson v. Colvin*, No. 3:15-CV-1737-N-BK, 2016 WL 1212436, at *4 (N.D. Tex. Feb. 25, 2016) (Toliver, J.) (1,000 jobs in Texas and 9,200 nationally

---

[3] In *Lirley v. Barnhart*, the Court of Appeals for the Fifth Circuit affirmed the Commissioner's decision, based on VE testimony, that claimant was not disabled because claimant could perform 50,000 jobs in the national economy. *Lirley v. Barnhart,* 124 F. App'x 283-84 (5th Cir. 2005) (per curiam). However, there was no indication that 50,000 was the minimum needed to be significant. *See id.*

11

was not a significant number), *adopted by* 2016 WL 1228630 (N.D. Tex. Mar. 28,2016) (Godbey, J.); *Adrienne W. v. Berryhill*, No. 3:17-CV-1218-N (BT), 2018 WL 4403467, at *4 (N.D. Tex. Aug. 24, 2018) (Rutherford, J.) (1,300 call out operator jobs in Texas and 16,000 jobs nationally, and 1,000 surveillance system monitor jobs in Texas and 17,000 jobs nationally, for a total of 35,300 was not significant), *adopted by* 2018 WL 4386780 (N.D. Tex. Sept. 14, 2018) (Godbey, J.).

      Had the ALJ identified the conflict, the VE may have concluded that Plaintiff could not perform the identified jobs of Merchandise Marker and Router given her limitations (or may have concluded she could). "The critical point is that without some explanation for the conflict, the Court cannot conduct a meaningful judicial review." *Kevin T. v. King*, No. 3:24-CV-00268-BT, 2025 WL 678544, at *8 (N.D. Tex. Mar. 3, 2025) (Rutherford, J.) (cleaned up) (citations omitted) (finding that "the ALJ's failure to resolve the conflict between the VE's testimony and ALJ's RFC limitation of 'short, simple instructions' is clearly harmful" and "remand is required"). *See also Bradley V.*, 2024 WL 4229994, at *3 (finding that "ALJ's failure to resolve the conflict in the VE's testimony and the DOT based on the ALJ's RFC limitation of "simple, routine tasks" resulted in clear prejudice to Plaintiff, requiring remand, as the court could not conduct a "meaningful review"); *Ambriz*, 2022 WL 855987, at *9 (finding that where ALJ failed to resolve conflict created by VE's testimony between RFC limiting claimant to "simple job instructions and tasks" and jobs classified at DOT reasoning level 2, "prejudice is self-evident such that remand is required" because without some explanation, "the Court cannot conduct a meaningful review.")

Accordingly, the Court concludes the ALJ's error was prejudicial, and remand is required.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this matter is **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED** on August 26, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE