IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MUNTRICE M., | § | |
|   PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-1162-BK |
| | § | |
| COMMISSIONER, SOCIAL SECURITY | § | |
| ADMINISTRATION, | § | |
|   DEFENDANT. | § | |

MEMORANDUM OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(c) and the parties' consent to proceed before the undersigned United States magistrate judge, Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, Doc. 19, is before the Court for determination. For the reasons stated herein, the motion is **GRANTED**.

## I. BACKGROUND

Plaintiff counsel seeks an attorney's fee award of $5,946.86. Doc. 20 at 2. This amount reflects 20.4 hours of work billed at $255.92 per hour in 2024 and $259.58 per hour in 2025, and 5.8 paralegal hours billed at $125.00 per hour. Doc. 20 at 2; *see also* Docs. 20-3, 20-4, 20-5. Attached to Plaintiff's Motion is a Memorandum in Support of Motion for Fees, prepared by Plaintiff's attorney, Howard D. Olinsky. Doc. 20-6. In this Affirmation, Olinsky contends that an award of attorney fees is appropriate because Plaintiff is the prevailing party and because the Commissioner's position was not substantially justified. Doc. 20-6 at 2-3 (citing *Shalala v. Schaefer*, 509 U.S. 292 (1993); *Scarborough v. Principi*, 541 U.S. 401 (2004)).

The Commissioner objects only to the hourly rate charged for Plaintiff's counsel's paralegal, arguing that "Plaintiff does not provide market rate information or any other evidence

to show that paralegal rates increased from \$100 to \$125 in the Northern District of Texas."

Doc. 21 at 2.  The Commissioner—citing two Northern District of Texas cases in support—

contends that the proper award should be \$5,801.86, which reflects 5.8 paralegal hours at \$100

per hour.  Doc. 21 at 2.

## II. LEGAL STANDARD

Under the Equal Access to Justice Act ("EAJA"), a court must award attorneys' fees and

expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not

"substantially justified," and (3) there are no special circumstances that make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001).  Nevertheless,

the award of attorneys' fees must be reasonable.  *See* 28 U.S.C. § 2412(b).

"The Supreme Court [has] held that 'a prevailing party that satisfies EAJA's other

requirements may recover its paralegal fees from the Government at prevailing market rates.'"

*Nkenglefac v. Garland*, 64 F.4th 251, 255 (5th Cir. 2023) (citing *Richlin Sec. Serv. Co. v. Chertoff*

553 U.S. 571, 590 (2008)); *see Richlin Security Serv. Co.*, 553 U.S. at 581 (2008) ("[W]e take it

as 'self-evident' that when Congress instructed agencies to award 'attorney . . . fees' to certain

parties prevailing against the Government, that term was intended to embrace paralegal fees as

well.") (citation omitted); *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("[T]he

appropriate compensation for paralegals, law clerks, and summer associates should be

determined by the marketplace.").  The fee applicant must produce satisfactory evidence that the

requested rates are in line with prevailing market rates for such work.  *See* 28 U.S.C. §

2412(d)(2)(A); *see, e.g.*, *Cater v. Fidelity Nat'l Ins. Co.*, No. 07-4619, 2009 WL 35342, at *2

(E.D. La. Jan. 6, 2009) ("The applicant bears the burden of producing satisfactory evidence that

the requested rate is aligned with prevailing market rates.") (citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir. 1987)).

### III. ANALYSIS AND CONCLUSION

Having considered Plaintiff's motion and the applicable law, the Court finds the request reasonable. Recent district court decisions in Texas have found a $125 hourly rate for a paralegal reasonable. *See, e.g., Chappa v. Comm'r, Soc. Sec. Admin.*, No. 6:24-cv-69-HJ-BU, Doc. 22, (N.D. Tex. Oct. 3, 2025) (Parker, J.) (finding reasonable a $125 hourly rate for a paralegal that the plaintiff's counsel calculated by adjusting the original rate in 1996 for increases in the Consumer Price Index, which the Commissioner did not object to), *adopted by* No. 6:24-cv-69-HJ-BU, Doc. 23, (N.D. Tex. Jan. 5, 2026); *Lambert v. Comm'r, Soc. Sec. Admin.*, No. 1:24-cv-159, 2025 WL 3759288, at *1 (N.D. Tex. Dec. 8, 2025) (Cureton, J.) ("The appropriate paralegal rate is $125.00 an hour."), *adopted by* 2025 WL 3757771 (N.D. Tex. Dec. 29, 2025).

Accordingly, Plaintiff's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, Doc. 19, is **GRANTED** in the amount of $5,946.86.

EAJA awards are payable directly to the prevailing party, not the attorney. *Astrue v. Ratliff,* 560 U.S. 586, 592-93 (2010). As such, the award here should be made payable directly to Plaintiff but sent in care of his attorney. *Jackson v. Astrue,* 705 F.3d 527, 531 n.11 (5th Cir. 2013).

**SO ORDERED** on April 29, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3